IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN SHIBLEY,

                              Plaintiff,

        v.                                              1:14-cv-1728-WSD

JPMORGAN CHASE BANK, N.A.,

                              Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s

("Defendant" or "JPMorgan") Motion to Dismiss [3] Plaintiff Brian Shibley's

("Plaintiff" or "Shibley") Complaint [1.2 at 5-12].  Plaintiff did not respond to

Defendant's Motion.

## I.      BACKGROUND

On December 20, 2007, Plaintiff obtained a loan in the amount of

$1,224,000, from Washington Mutual Bank, FA ("WaMu").  (Compl. ¶ 5

& Ex. B).  Repayment of the loan was secured by a deed (the "Security Deed") to

real property located at 1407 Hearst Drive, Atlanta, Georgia (the "Property").

(Id.).  Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to

[WaMu], and [WaMu's] successors and assigns, with the power of sale, the [Property]."  (Security Deed at 3).

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation the Receiver of WaMu ("FDIC-R").  Also on September 25, 2008, the FDIC-R sold substantially all of the assets and liabilities of WaMu, including mortgage loans, to JPMorgan pursuant to a Purchase and Assumption Agreement (the "PAA").[1]

On August 29, 2012, the FDIC-R appointed JPMorgan to act as Attorney-in-Fact for the FDIC-R, including to execute, on behalf of the FDIC-R,

> all instruments of transfer and conveyance, including but not limited
> to deeds [and] assignments . . . as may be necessary or appropriate to
> evidence the sale or transfer of any asset of [WaMu], including all

---

[1] See Office of Thrift Supervision, Order No. 2008-36, http://www.occ.gov/Static /ots/directors-orders/do-2008-36.pdf; see also Purchase & Assumption Agreement, https://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.  These documents are official records maintained by the federal government and are generally available to the public, and the Court may consider them.  The Court takes judicial notice that the FDIC was appointed Receiver of WaMu and sold the assets and liabilities of WaMu to JPMorgan, pursuant to the PAA.  See Fed. R. Evid. 201(b)(2) (court may take judicial notice of fact not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).

loans formerly held by [WaMu], pursuant to that certain [PAA] dated
as of September 25, 2008 among the . . . FDIC-R, and [JPMorgan].

(Assignment [3.2] at 4).[2]

On May 8, 2013, JPMorgan, as attorney in fact for the FDIC-R, assigned the
Security Deed, with the power of sale, to JPMorgan.  (Id. at 1).  The Assignment
also states:  "This Assignment is intended to further memorialize the transfer that
occurred by operation of law on September 25, 2008, as authorized by . . . the
Federal Deposit Insurance Act, 12 U.S.C. § 1821(d)(2)(G)(i)(II)."  (Id. at 1).

On February 20, 2014, Aldridge Connors, LLP, on behalf of JPMorgan, sent
Plaintiff a Notice of Foreclosure Sale ("NFS").  (Compl. ¶ 9 & Ex. D; see also
[3.3]).[3]  The NFS states that JPMorgan is Plaintiff's loan servicer, that Plaintiff
defaulted on his loan obligations, and that JPMorgan will conduct a foreclosure
sale of the Property on April 1, 2014.  (NFS at 1).  The NFS also states that

---

[2]  Defendant submitted with its Motion to Dismiss a copy of the Assignment [3.2]
of Plaintiff's Security Deed to JPMorgan.  The Power of Attorney is attached to,
and was recorded with, the Assignment.  These documents are matters of public
record and the Court may consider them.  See Tellabs, 551 U.S. at 355; Bryant,
187 F.3d at 1276-1278.

[3]  The copy of the NFS attached to Plaintiff's Complaint consists of only three (3)
pages.  Defendant submitted a full copy of the NFS, consisting of six (6) pages,
with its Motion to Dismiss.  Plaintiff has not objected to the complete copy of the
NFS submitted by Defendant.

JPMorgan is the entity with the full authority to negotiate, amend or modify Plaintiff's loan, and it provides contact information for JPMorgan.  (NFS at 5-6).

On May 6, 2014, Plaintiff, represented by counsel, filed his Complaint in the Superior Court of DeKalb County, Georgia.  Plaintiff asserts claims for declaratory judgment (Count I) and quiet title (Count II), based on his assertion that JPMorgan lacks standing to foreclose on the Property.

On June 5, 2014, Defendant removed the DeKalb County Action to this Court on the basis of diversity of citizenship jurisdiction.  (Notice of Removal [1]).

On June 6, 2014, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim.  Plaintiff did not respond to Defendant's motion.  Pursuant to Local Rule 7.1B, the Court deems Defendant's Motion to Dismiss unopposed.

## II.    DISCUSSION

### A.    Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly,   550 U.S. at 570.[4]

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line

---

[4]  The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

between possibility and plausibility of 'entitlement to relief.'" Id. (citing

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA,

569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts"

standard has been overruled by Twombly, and a complaint must contain "sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its

face."). "A complaint is insufficient if it 'tenders naked assertions devoid of

further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd,

— F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014)

(quoting Iqbal, 556 U.S. at 678).

    "To survive a motion to dismiss, plaintiffs must do more than merely state

legal conclusions; they are required to allege some specific factual bases for those

conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms.,

372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA,

— F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014)

("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt.,

Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).[5]

---

[5]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal

B.    <u>Analysis</u>

The crux of Plaintiff's Complaint is that JPMorgan lacks standing to foreclose on the Property.  It is undisputed that Plaintiff executed the Security Deed and granted to WaMu, and WaMu's successors and assigns, title to the Property, with the power of sale.  On September 25, 2008, the FDIC-R, as the Receiver of WaMu, "*by operation of law*, succeed[ed] to . . . all rights, titles, powers, and privileges of [WaMu] . . . and the assets of [WaMu]," including Plaintiff's Security Deed.  <u>See</u> 12 U.S. C. § 1821(d)(2)(A)(i) (emphasis added). The FDIC-R was thus authorized to assign the assets of WaMu, including Plaintiff's Security Deed, to JPMorgan.[6]  <u>See</u> 12 U.S.C. § 1821(d)(2)(G)(i)(II)

---

minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555.

[6]  To the extent Plaintiff asserts that the Assignment is not valid because "[t]here is no document filed within the De[K]alb County deed records showing where [WaMu] transferred its interest over to the [FDIC-R]" (Compl. ¶ 6), nothing was required to be filed because the FDIC-R acquired the assets, rights and liabilities of WaMu, including Plaintiff's Security Deed, "by operation of law."  <u>See</u> 12 U.S.C. § 1821(d)(2)(A)(i); <u>cf.</u> <u>Nat'l City Mortg. Co. v. Tidwell</u>, 749 S.E.2d 730, 733 (Ga. 2013) (citing O.C.G.A. §§ 7-1-536, 14-2-1106; 12 U.S.C. § 215a(e)) (in a merger, the receiving entity is deemed to be the same corporation as each bank participating in the merger, and all rights and interests of the merging banks are transferred to the receiving bank by virtue of the merger and without any other transfer).  The Court notes further that the Assignment states that "[t]his Assignment is intended to further memorialize the transfer that *occurred by operation of law* on September 25, 2008, as authorized by . . . the Federal Deposit

(authorizing FDIC, in its capacity as receiver, to transfer assets of the defaulted institution).  On May 8, 2013, JPMorgan, as attorney in fact for the FDIC-R, assigned Plaintiff's Security Deed, with the power of sale, to JPMorgan. (Assignment at 1).  JPMorgan is thus entitled to exercise the power of sale in the Security Deed.

Plaintiff claims the "Bloomberg online database" shows that the Security Deed is held by WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2007-5, and that JPMorgan is not the property party to seek foreclosure.  This database information is not material to whether JPMorgan has standing to foreclose on the Property.[7]  Georgia law requires only that "[t]he security instrument or assignment therof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale . . . ."  O.C.G.A. § 44-14-162(b).  At the time of foreclosure, even if a

_____

Insurance Act, 12 U.S.C. § 1821(d)(2)(G)(i)(II)."  (Assignment at 1) (emphasis added).  It is troubling that Plaintiff's counsel asserts an argument that does not have a sound basis in law or fact.

[7]  Plaintiff contends that "[a] look up within the Bloomberg online database shows that Petitioner's [sic] Security Deed is held by the WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2007-5," and he states that he "has attached an affidavit as evidence showing that the loan documents are held by the trustee of" that trust.  (Compl. ¶¶ 8, 25).  The purported affidavit has not been submitted to the Court and Plaintiff does not otherwise describe the "Bloomberg online database," the information it purports to convey, or the sources on which it relies.

person or entity other than JPMorgan "held" Plaintiff's Security Deed, the only

recorded "security instrument or assignment thereof" for the Property was (i) the

Security Deed, by which Plaintiff expressly granted the power of sale to WaMu

and WaMu's successors and assigns, and (ii) the Assignment, by which the

Security Deed was assigned to JPMorgan.[8]

Plaintiff has not, and cannot, state a viable claim for relief under any legal

theory based on JPMorgan's alleged lack of authority to foreclose on the Property.

Insofar as Plaintiff's claims for declaratory relief and quiet title are based on

JPMorgan's alleged lack of authority to foreclose on the Property, Plaintiff's

claims are required to be dismissed.

---

[8]  To the extent Plaintiff argues that JPMorgan lacks standing to foreclose on the
Property because JPMorgan is Plaintiff's loan servicer and not his "secured
creditor," the Supreme Court of Georgia has expressly rejected this argument and
held that "the holder of a deed to secure debt is authorized to exercise the power of
sale in accordance with the terms of the deed even if it does not also hold the note
or otherwise have any beneficial interest in the debt obligation underlying the
deed." You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013); see
also O.C.G.A. § 23-2-114 ("[u]nless the instrument creating the power specifically
provides to the contrary, a . . . successor of the grantee in a mortgage, deed of trust,
[or] deed to secure debt, . . . or an assignee thereof, or his personal representative,
heir, heirs, legatee, devisee, or successor may exercise any power therein
contained.").  The Court notes further that, under the PAA, JPMorgan purchased
the assets, including mortgage loans, of WaMu, Plaintiff's original lender, and
there is no evidence to suggest that Plaintiff's loan was sold separately from the
Security Deed to other than JPMorgan.  For this reason, Plaintiff's conclusory
assertion—that the NFS was defective because it incorrectly identified JPMorgan
as the entity or individual with the full authority to negotiate, amend and modify
the terms of Plaintiff's mortgage—also fails to support a claim for relief.

Plaintiff also is not entitled to relief on his claim for quiet title because any right to legal title to the Property he has is subordinate to JPMorgan's rights under the Security Deed and Assignment.  See Smith v. Georgia Kaolin Co., Inc., 498 S.E.2d 266, 267-68 (Ga. 1998) (In an action for quiet title, "a plaintiff must assert that he holds some current record title or current prescriptive title, in order to maintain his suit.").  When he executed the Security Deed, Plaintiff granted to WaMu, and WaMu's successors and assigns, legal title to the Property until the debt secured by the Security Deed is paid in full.  Plaintiff retained only the equitable right of redemption and the right of possession.  See O.C.G.A. § 14-44-60 ("[T]he conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid . . . with the right reserved by the grantor to have the property reconveyed to him upon the payment of the debt . . . ."); see also McCarter v. Bankers Trust Co., 543 S.E.2d 755, 757 (Ga. Ct. App. 2000).  Plaintiff does not allege that he satisfied his loan obligations, and Plaintiff therefore lacks current record title or current prescriptive title to the Property.  Plaintiff's claim for quiet title is required to be dismissed for this additional reason.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s

Motion to Dismiss [3] is **GRANTED.**


**SO ORDERED** this 11th day of February, 2015.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE